**PISCITELLO LAW**
BY:   JOSEPH T. PISCITELLO, ESQ.
Attorney ID No.: 49049
234 Delancey Street
Philadelphia, PA 19106
Phone: (215) 636-9988
Fax: (215) 636-9987
joe@piscitellolaw.com                                                      Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNA TESTA and<br>ANGELO TESTA, w/h<br><br>Plaintiffs<br><br>v.<br><br>ALLEGIANT TRAVEL CO. d/b/a<br>ALLEGIANT AIRLINES<br><br>Defendants | CIVIL ACTION<br><br>Docket No.: 5:17-cv-00247<br><br>JURY TRIAL DEMANDED |

FILED
DEC -8 2017
KATE BARKMAN, Clerk
         Dep. Clerk

### FIRST AMENDED COMPLAINT

Plaintiffs, Anna Testa and Angelo Testa, by and through their attorney, Joseph T. Piscitello, complaining of the Defendant, Allegiant Travel Co., alleges, upon information belief, as follows:

### PARTIES

1. Plaintiff, Anna Testa (hereinafter "Testa") is an adult individual who resides at 615 Kingswood Street, Easton, Pennsylvania, 18045.

2. Plaintiff, Angelo Testa, is an adult individual who resides at 615 Kingswood Street, Easton, Pennsylvania, 18045 and the husband of Anna Testa.

3. Defendant, Allegiant Travel Co. (hereinafter "Allegiant"), is a Nevada Corporation with a principal place of business at 1201 N. Town Center Drive, Las Vegas, Nevada, 89144 and does business as Allegiant Airlines.

## JURISDICTION

4. Because there is diversity of citizenship between Plaintiffs and Defendant herein, this Honorable Court has jurisdiction over the matter pursuant to 28 U.S.C. §1332.

5. The amount in controversy herein exceeds the sum of $150,000.00.

## COUNT I

## ANNA TESTA v. ALLEGIANT TRAVEL CO.

### NEGLIGENCE

6. The above paragraphs are incorporated by reference as though fully set forth herein.

7. On October 13, 2016, Testa was a ticketholder to be a passenger on Allegiant flight number 625 originating at Lehigh Valley International Airport and bound for Orlando, Florida.

8. Upon Testa's arrival at the airport referenced above she was provided a wheelchair and an assistant provided by Lehigh Valley International Airport.

9. Testa was initially assisted at the ticket counter by an airport employee, Linda Davenport, acting as an agent of Defendant Allegiant

10. She was later assisted by an airport employee, Joan Zandarski, acting as an agent of Defendant Allegiant at the boarding gate and on the jetway to the aircraft and/or transition plate connecting the aircraft to the jetway.

11. A flight attendant, Jane Cunningham, an employee of Allegiant also assisted Mrs. Testa on the jetway and/or on the transition plate connecting the aircraft to the jetway.

12. Allegiant agent, Joan Zandarski, took Testa by her hands as Allegiant employee, Jane Cunningham, guided Testa from the rear on the transition plate connecting the jetway to the aircraft.

13. While on the transition plate, Testa communicated to Cunningham and Zandarski that she could no longer walk.

14. Despite Testa's communication, neither Zandarski or Cunningham attempted to place Testa back into her wheelchair but instead told Testa that she could not stop and that she must continue.

15. Despite Testa's advisement that she could no longer walk, Zandarski and/or Cunningham continued to encourage Testa to continue walking for an unreasonable amount of time despite Testa's protestation.

16. Both Ms. Davenport and Ms. Zandarski, while employed by the Lehigh Northampton Airport Authority, were trained and educated in policies and procedures concerning boarding exclusively by Allegiant.

17. Jane Cunningham, who was employed by Defendant Allegiant, was trained and educated on policies and procedures by Defendant Allegiant.

18. As Testa was being assisted onto flight number 625, she was dropped or allowed to fall as a result of the actions and/or inactions of:

    a. Jane Cunningham, an employee of Defendant Allegiant;

    b. Joan Zandarski, an agent/ostensible agent of Defendant Allegiant.

19. As a result of the fall, Testa suffered severe and permanent injuries, including fractures of her right distal tibia and fibula in the ankle area requiring an open reduction and internal fixation procedure as well as protracted treatment and care.

20. Defendant, acting through its agents, employees and/or ostensible agents breached their duty of care owed to Testa in that they:

    a. failed to exercise due care in moving plaintiff onto and in the subject plane;

    b. failed to appropriately train or supervise its employees and/or agents in the proper transfer of individuals utilizing wheelchairs;

    c. failed to provide sufficient employees for the purpose of transferring passengers such as plaintiff;

    d. failed to have in place appropriate policies and procedures for the reasonable care of passengers such as plaintiff;

    e. permitted the continuance of conduct of others on premises which it possessed after it knew or should have known that the conduct presented an unreasonable risk of harm to plaintiff, a licensee on the premises, and;

    f. failure to follow policies and/or procedures as detailed by Defendant's corporate designee with the most knowledge of:

        i. policies and procedures concerning the assistance of individuals with disabilities onto the aircraft, and;

        ii. teaching flight attendants proper policies and procedures concerning the assistance of individuals with disabilities onto the aircraft.

21. As a direct a proximate result of Defendant's and/or their agents' and/or ostensible agents' actions and/or inactions, Plaintiff has sustained permanent and significant injuries which have and/or may result in past, present and future:

    a. pain and suffering;

    b. disfigurement

    c. loss of life's pleasures;

    d. medical bills, and;

    e. medical treatment.

**WHEREFORE**, Plaintiffs, Anna Testa and Angelo Testa, request this Honorable Court to enter judgement against Defendant in an amount in excess of $150,000.00 plus costs of suit and interest.

## COUNT II

## ANGELO TESTA v. ALLEGIANT TRAVEL CO.

## LOSS OF CONSORTIUM

22. The above paragraphs are incorporated by reference as though fully set forth herein.

23. As a result of the negligence of Defendant and the resulting injuries to his wife set forth above, Plaintiff Angelo Testa has and will in the future suffer the loss of the usual society and companionship of his wife and has and will in the future be required to provide special services and care for her, to his great detriment and loss.

**WHEREFORE**, Plaintiffs, Anna Testa and Angelo Testa, request this Honorable Court to enter judgement against Defendant in an amount in excess of $150,000.00 plus costs of suit and interest.

Respectfully submitted,
**PISICTELLO LAW**

By: _____
Joseph T. Piscitello, Esq.
Attorney for Plaintiffs

Dated: 11/17/2017